# Richmond

Louis C. Barley, Et Al. v. James M. Duncan, Jr.,
Adm'r, Etc.

February 24, 1941.

Record No. 2375.

*Hardee Chambliss, Jr.,* and *Wilson M. Farr,* for the plaintiffs in error.

*Robinson Moncure, Thomas, Strauss & Backus, J. Randolph F. Davis, Howard W. Smith, Jr.,* and *Albert V. Bryan,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

After the trial court had decided the previous case between the same parties (*ante,* page 192, 13 S. E. (2d) 294), the executors of Harley P. Wilson caused writs of *scire facias* to be issued on the same judgments against James M. Duncan, Jr., Administrator of J. M. Duncan. The defendant named in the writs plead the statute of limitations and *res adjudicata.* The trial court sustained the plea of the statute and dismissed the proceedings. To these orders this writ of error was allowed.

Plaintiffs in error contend that a proceeding to revive a judgment by writ of *scire facias* is in no sense a real action and, hence, the decision in the case of *Steffey* v. *King,* 126 Va. 120, 101 S. E. 62, is not determinative of the issues raised in this case. This contention is sound, but the opinion in the previous case holds that an exception to the limitation of time to institute proceedings to enforce a judgment must be found in the statute itself and cognate sections. The extension of one year from the death of a party, prescribed in section 5809 of the Code, is not one of the exceptions expressed in Code, sections 6477 and 6478. For this reason the orders of the trial court are

*Affirmed.*